ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| DANITZA MEJÍAS RIVERA Y OTROS<br><br>Peticionaria<br><br>v.<br><br>ABRAHAM LÓPEZ SANTOS Y OTROS<br><br>Recurrido | KLCE202301307 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: AI2021CV00018; AI2020CV00363 y AI2020CV00120<br><br>Sobre: Liquidación de Comunidad de Bienes; Accesión; Desahucio en Precario |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Comparece la señora Danitza Mejías Rivera (en adelante, peticionaria) mediante un recurso de *Certiorari,* para solicitarnos la revisión de la *Resolución* emitida el 11 de octubre de 2023, notificada el 12 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aibonito.[1] Mediante el dictamen recurrido, el foro primario declaró *No Ha Lugar* una solicitud de sentencia sumaria presentada por la peticionaria.

Según se desprende del expediente ante nos, la peticionaria presentó una moción solicitando que se dictara sentencia sumaria y otros remedios. En respuesta, el señor Abraham López Vargas y la señora Marta Lucila Santos Santiago, así como el señor Abraham López Santos (en conjunto, recurridos) presentaron sus respectivas

---

[1] Apéndice de la peticionaria, a las págs. 288-295.

Número Identificador

RES2023_____

posiciones. Así las cosas, el foro primario emitió su *Resolución* en la cual denegó la solicitud presentada por la peticionaria.[2] Aun cuando denegó la solicitud presentada por la peticionaria, emitió una *Resolución* con diecinueve (19) determinaciones de hechos que estimó incontrovertidos y estableció cuáles eran las controversias que hacían necesaria la presentación de prueba testifical, mediante la cual se adjudicaría la correspondiente credibilidad. Inconforme con lo dispuesto, el 24 de octubre de 2023, la peticionaria presentó un escrito para que se emitieran determinaciones de hechos adicionales, así como una solicitud de reconsideración,[3] la cual fue denegada mediante *Resolución* del 25 de octubre de 2023, notificada el 26 de octubre de 2023.[4]

En desacuerdo, la peticionaria acudió ante nos, mediante un recurso de *Certiorari*. Contando con su comparecencia y la de los recurridos, así como luego de haber estudiado el expediente en su totalidad, resolvemos *denegar* la expedición del recurso de *Certiorari*. Veamos.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. En el presente caso, la peticionaria plantea que el TPI incidió al no dictar sentencia sumaria a su favor y, además, al no conceder los demás remedios solicitados como parte de la solicitud presentada por la peticionaria. Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[5] Puntualizamos que el *Certiorari*

---

[2] *Id.,* a las págs. 288-295.
[3] *Id.,* a las págs. 297-306.
[4] *Id.,* a la pág. 307.
[5] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[6] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección.

Tras haber realizado un examen *de novo* de la solicitud de sentencia sumaria instada por la peticionaria y las respectivas oposiciones a esta, tanto del matrimonio López-Santos como la del señor López Santos, conforme a la Regla 40 del Tribunal de Apelaciones,[7] y la Regla 52.2 (b) de Procedimiento Civil,[8] no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Puntualizamos que nuestro ordenamiento jurídico nos confiere la discreción para intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Juzgamos que en el recurso ante nos, no nos encontramos ante ninguna de estas circunstancias que hagan necesario eludir la norma de abstención judicial.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas, de modo que estas podrían ser presentadas nuevamente en una etapa posterior. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los

---

[6] *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009)
[7] 4 LPRA Ap. XXII-B, R.40.
[8] 32 LPRA Ap. V, R. 52.2 (b).

méritos.[9] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[10] La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el TPI. [11] Por tanto, resolvemos *denegar* la expedición del auto de *Certiorari.*

Por los fundamentos que antecede, se deniega la expedición del auto de *Certiorari.*

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[10] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).
[11] *Id.*, a la pág. 756.