Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| ROYALE BLUE HOSPITALITY, LLC H/N/C EL CONQUISTADOR RESORT AND LAS CASITAS VILLAGE<br><br>Peticionaria<br><br>V.<br><br>PORTA SHIP MAINTENANCE AND REPAIR CORP.<br><br>Recurrida | KLCE202400762 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. PO2023CV00070 (SALÓN 601 CIVIL SUPERIOR)<br><br>Sobre: ACCIÓN REINVINDICATORIA Y OTROS |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparece ante nos, Royale Blue Hospitality, LLC, en adelante RBH o peticionaria, y solicita que revoquemos una *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante TPI. Mediante dicho dictamen se declaró "Ha Lugar" la *Moción S[o]licitando Levantamiento de Rebeldía*[2] presentada por PORTA Ship Maintenance and Repair Corp., en adelante PORTA o recurrida, la cual dejó sin efecto la Resolución dictada el 26 de diciembre de 2023, mediante la cual se sancionó a PORTA con la eliminación de todas sus alegaciones y defensas afirmativas y se le anotó la rebeldía.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca la Resolución recurrida.

Los hechos que anteceden este recurso son los siguientes.

---

[1] Recurso de Certiorari, Apéndice 1, págs. 1-2.
[2] *Id.,* Apéndice 5, págs. 23-25.

**-I-**

El 13 de enero de 2023, RBH presentó una *Demanda[3]* en contra de PORTA donde alegó ser dueña de la embarcación denominada Yunque Princess, en adelante embarcación o Yunque Princess, la cual sufrió daños en su casco por irse a la deriva y encallar mientras se encontraba bajo el control de PORTA durante el Huracán Fiona. Adujo, en síntesis, que PORTA fue negligente al no tomar las medidas adecuadas para asegurar y proteger la embarcación durante el evento atmosférico, en abierto incumplimiento de contrato. Alegaron que el incumplimiento de contrato surgía del retraso injustificado de parte de PORTA en los trabajos de reparación y de haber incumplido con la fecha de entrega pautada. Alegaron que, a pesar de haber dado por terminado el contrato, Yunque Princess permanecía secuestrada en las instalaciones de PORTA, expuesta a deterioro progresivo por las acciones y omisiones de esta, quien no tomó las debidas medidas cautelares o de seguridad para proteger la embarcación y se había negado a ponerla en posesión de RBH nuevamente.

En esta misma fecha, la peticionaria presentó *Moción Urgente en Solicitud de Orden[4]* con el fin de recuperar la posesión inmediata de Yunque Princess.

Así las cosas, PORTA presentó *Contestación a Demanda y Reconvención[5]* donde negó la mayoría de las alegaciones de la demanda y reconvino en otras. Alegó que la reparación que aún quedaba por hacer trataba sobre el generador eléctrico de la embarcación, reparación que no formaba parte del contrato original ni del contrato de variación ("Word Variation Form 22-19"). Que dicha reparación requería de una documentación que RBH nunca proveyó y que es requisito estatutario del US Coast Guard para una embarcación autorizada a transportar pasajeros. Además, adujo que gozaba de un derecho de retención conforme a lo

---

[3] *Id.*, Apéndice 59, págs. 216-261.
[4] *Id.*, Apéndice 58, págs. 211-215.
[5] *Id.*, Apéndice 57, págs. 206-210.

dispuesto en la sección 9.333 de la Ley de Transacciones Comerciales[6] y en el Artículo 1374 del Código Civil de Puerto Rico de 2020[7], toda vez que no se le ha pagado la cantidad pendiente de $250,000.00 por los servicios ya prestados. Por otro lado, argumentó que tomó las debidas precauciones para evitar los daños a la embarcación durante el Huracán Fiona, cumpliendo con las instrucciones y el estándar dispuesto por el puerto de Ponce y el US Coast Guard ante la llegada de mal tiempo. Alegó que, en atención al deber de prevenir y remediar daños, la embarcación fue anclada en la Bahía de Ponce, por lo que entiende que cualquier daño que haya sufrido Yunque Princess se debe a un acto fortuito de la naturaleza y fuerza mayor, por la cual no procede la imposición de responsabilidad.

Por su parte, RBH presentó *Contestación a Reconvención[8],* donde negó el monto supuestamente adeudado y alegó que el generador estaba en funcionamiento al momento que se le entregó la embarcación a PORTA; que, en los contratos acordados, PORTA se obligó a proveer toda labor, materiales, herramientas, sistemas y equipo, sin limitaciones, necesario para entregar a Yunque Princess con su Certificado de Inspección emitido por la guardia costera; y que no había incurrido en ningún incumplimiento de contrato. Por otro lado, imputó negligencia a PORTA por todos los daños sufridos por la embarcación.

Posteriormente, el 7 de septiembre de 2023, RBH presentó *Primera Enmienda a Demanda[9]* donde trajo como tercero demandado a la compañía aseguradora de PORTA, Aspen American Insurance, en adelante Aspen, y añadió como parte de sus alegaciones: que PORTA se obligó a pagarle a RBH $10,000.00 por cada día calendario de retraso a la fecha acordada de terminación y entrega de la embarcación; que mediante el contrato suscrito PORTA se obligó a asumir cualquier costo en exceso a cambio de $450,000.00 por todos los servicios en las fases de construcción, materiales, labor y

---

[6] Sección 9.333 de la Ley de Transacciones Comerciales, 19 LPRA sec. 2283.
[7] Art. 1374 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 10271.
[8] Recurso de Certiorari, *supra*, Apéndice 56, págs. 202-205.
[9] *Id.*, Apéndice 35, págs. 139-153.

cualquier otro trabajo requerido; que RBH le emitió un pago inicial a PORTA por la cantidad de $225,000.00; que PORTA condicionó la entrega de Yunque Princess a que se le contratara para realizar reparaciones al generador de la embarcación, el cual alegaron se había dañado por exposición al agua de mar; que RBH le brindó múltiples oportunidades a PORTA de curar su incumplimiento y de entregar la embarcación en las condiciones acordadas, pero PORTA se cruzó de brazos y mantuvo la retención ilegal de esta a la intemperie; que para el Huracán Fiona, PORTA actuó de manera negligente, incompetente y desatenta al sólo asegurar la embarcación con una sola ancla y un sólo cabo (línea), contrario a su experiencia y medios para tomar las medidas oportunas y adecuadas para proteger, prevenir y/o mitigar los efectos de los vientos del huracán; y que PORTA sufrió y continúa sufriendo daños al verse obligado de asumir el costo de alquiler de una embarcación privada para el transporte de huéspedes a la Isla Palominos, que hasta ahora asciende a una suma estimada de $3,760,000.00 y que sigue en aumento a razón de $86,700.00 semanales. Dicha enmienda fue autorizada por el TPI mediante resolución el 8 de septiembre de 2023.[10]

El 14 de septiembre de 2023, RBH presentó *Moción al Amparo de la Regla 34.3 de Procedimiento Civil[11],* donde solicitó que se le eliminaran las alegaciones y cualquier defensa afirmativa alegada por PORTA en su Contestación a la Demanda y Reconvención, debido a su incumplimiento de contestar el Primer Pliego de Interrogatorios y Solicitud de Producción de Documentos dentro del término de veinte (20) días adicionales que le proveyó el TPI, mediante orden dictada el 24 de agosto de 2023.

Así las cosas, el 15 de septiembre de 2023, el TPI le concedió a PORTA un término de diez (10) días para exponer su posición. PORTA nunca se expresó.

En atención a lo anterior, el 27 de septiembre de 2023, RBH presentó *Moción para que se dé por Sometida y sin Oposición la "Moción al Amparo de*

---

[10] *Id.*, Apéndice 33, pág. 103.
[11] *Id.*, Apéndice 32, págs. 99-101.

*la Regla 34.3 de Procedimiento Civil"[12],* donde aludieron a la dejadez y desobediencia continua por parte de PORTA a las órdenes del tribunal.

En respuesta, el TPI emitió una *Orden[13]* el 5 de octubre de 2023, donde le impuso una primera sanción de $100 a PORTA por su incumplimiento a la orden del 15 de septiembre de 2023 y le dio un término adicional de diez (10) días para contestar el descubrimiento de prueba so pena de sanciones que pudieran incluir la eliminación de sus alegaciones. Se ordenó la notificación a PORTA a la última dirección en el expediente.

Ante el incumplimiento a la orden anterior, RBH presentó *Moción en Solicitud de Anotación de Rebeldía para que se Dé por Sometida y Sin Oposición la "Moción al Amparo de la Regla 34.3 de Procedimiento Civil"[14],* donde le solicitaron al TPI que le anotara la rebeldía a PORTA ante su reiterado incumplimiento a las órdenes del tribunal sin mostrar justa causa para su dilación.

En consecuencia, el 18 de octubre de 2023, PORTA presentó *Moción Solicitando Prórrogas y Reconsideración[15],* donde alegó no haber podido atender lo ordenado en cuanto al descubrimiento de prueba, debido a que el local aledaño a la oficina legal se incendió, por lo que la oficina fue afectada por el humo y consecuentemente, se tuvo que limpiar y pintar la misma para reintegrarse a las labores. Además, indicó que la representación legal había contagiado COVID en las pasadas semanas. Por todo lo cual, solicitaron hasta el 20 de octubre para contestar la demanda enmendada y hasta el 31 de octubre para contestar el interrogatorio.

El 20 de octubre de 2023, el TPI declaró "Ha Lugar" dicha solicitud y levantó las sanciones impuestas.[16]

En esa misma fecha, PORTA presentó *Contestación a Demanda Enmendada y Reiterando Reconvención[17],* donde alegaron que no se

---

[12] *Id.*, Apéndice 30, págs. 95-97.
[13] *Id.*, Apéndice 29, pág. 94.
[14] *Id.*, Apéndice 28, págs. 89-92.
[15] *Id.*, Apéndice 27, págs. 87-88.
[16] *Id.*, Apéndice 26, pág. 86.
[17] *Id.*, Apéndice 25, págs. 82-85.

percataron de la situación del generador hasta tanto no colocaron la embarcación en el agua, luego de haber hecho los trabajos para los cuales fueron contratados. Adujeron haberle cursado un correo electrónico a PORTA sobre la necesidad de arreglar el generador para poder certificar la embarcación para transportar pasajeros y solicitar los documentos necesarios para dicho trámite. Alegaron nunca recibir respuesta a dicho correo electrónico.

Posteriormente, el 14 de noviembre de 2023, RBH presentó *Moción Reiterando Numerosas Súplicas Previas para Obtener Remedio Ante la Inacción e Incumplimiento de la Parte Demandada-Reconviniente con las Órdenes del Tribunal[18],* donde aludieron a la llegada de la fecha ordenada por el tribunal en relación con el descubrimiento de prueba y la falta de cumplimiento nuevamente por parte de PORTA. Mencionaron haberse comunicado extrajudicialmente con la representación legal de la parte, quien acordó se notificaría el descubrimiento no más tarde del 10 de noviembre de 2023. Acuerdo que se incumplió nuevamente. Llegada dicha fecha, se trató, sin resultado, comunicarse nuevamente con la representación legal de la parte. Argumentaron que el incumplimiento reiterado de parte de PORTA y su representante legal constituía una ofensa al propósito principal de las Reglas del Procedimiento Civil, reflejaba una estrategia deliberada para prolongar el pleito innecesariamente y entorpecía que RBH contara con la información pertinente para desarrollar su estrategia legal. Solicitaron nuevamente la eliminación de las alegaciones y las defensas afirmativas presentadas por PORTA.

En atención a dicha moción, el 15 de noviembre de 2023, el TPI emitió una *Orden[19],* donde le impuso una sanción de $150.00 a PORTA y dispuso de un "término final" de quince (15) días para contestar el descubrimiento de prueba so pena de sanciones graves procesales y económicas adicionales.

---

[18] *Id.*, Apéndice 23, págs. 73-78.
[19] *Id.*, Apéndice 22, pág. 72.

Posteriormente, RBH presentó *Solicitud de Reconsideración*[20] sobre la orden emitida y solicitó nuevamente que se eliminaran las alegaciones presentadas por PORTA. La misma fue declarada "No Ha Lugar" por el TPI.[21]

Cumplido el "término final" impuesto por el TPI y la falta de cumplimiento por parte de PORTA nuevamente, el 4 de diciembre de 2023, RBH presentó *Moción Inform[á]tica y en Solicitud de Remedio al Amparo de las Reglas 34.2 y 34.3*[22] donde informó el nuevo incumplimiento de PORTA a la más reciente orden emitida por el TPI y recalcó su patrón de incumplimiento a las órdenes y términos concedidos por el tribunal *motu proprio*, sin solicitud oportuna de prórroga y sin mostrar justa causa como lo requiere la Regla 6.6 de Procedimiento Civil.[23] Aludió a que el caso estaba virtualmente detenido a causa de los ciento cincuenta y tres (153) días concedidos a PORTA para cumplir con su contestación al descubrimiento de prueba cursado y que debido a ello quedaron sin efecto todas las fechas calendarizadas en el Informe para el Manejo del Caso. Recalcó que el panorama procesal del caso no toleraba ninguna concesión adicional para con PORTA o su representación legal, debido a su incumplimiento craso y sostenido.

Ese mismo día, en atención a la moción antes mencionada, el TPI mediante *Orden*[24] le impuso una segunda sanción a PORTA de $250 y le otorgó un término adicional de diez (10) días para cumplir con las órdenes sobre el descubrimiento de prueba so pena de sanciones apercibidas. Además, se hizo la advertencia de que la anotación en rebeldía tendría el efecto de que se dieran por admitidas todas las alegaciones afirmativas. La aludida orden le fue notificada a PORTA directamente.

Así las cosas, el 21 de diciembre de 2023, RBH presentó una *Moción Informativa y en Solicitud de Orden para la Imposición de Sanciones*[25], donde notificaron al tribunal del incumplimiento de PORTA a la última orden

---

[20] *Id.*, Apéndice 21, págs. 66-71.
[21] *Id.*, Apéndice 20, pág. 65.
[22] *Id.*, Apéndice 19, págs. 59-63.
[23] Regla 6.6 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[24] *Id.*, Apéndice 18, pág. 57.
[25] *Id.*, Apéndice 17, págs. 53-55.

emitida con relación a su contestación al descubrimiento de prueba y al pago de las sanciones económicas impuestas, sin justificación alguna.

En respuesta, el TPI emitió *Resolución de Anotación de Rebeldía a la parte PORTA*[26]*,* donde se ordenó la debida anotación de rebeldía y la eliminación de sus alegaciones. Advirtió que se daban por admitidas todas las alegaciones afirmativas presentadas en la demanda. Esta Resolución fue emitida el 26 de diciembre de 2023 y notificada al otro día directamente a PORTA.

En desacuerdo, y luego de varios trámites procesales innecesarios pormenorizar por no ser pertinentes a la controversia ante nos, el 9 de mayo de 2024, PORTA presentó *Moción S[o]licitando Levantamiento de Rebeldía*[27]*,* donde informó que su incumplimiento con las órdenes de contestar el descubrimiento de prueba se debía a que el oficial de la corporación era marino mercante y se encontraba en aguas internacionales, por lo que no pudo contestar. En atención a lo anterior, solicitó que se levantara la rebeldía para poder continuar representándose y defendiéndose, además de probar su reconvención y defensas afirmativas.

Por su parte, el 29 de mayo de 2024, RBH presentó *Oposición a "Moción Solicitando Levantamiento de Rebeldía"*[28]*,* donde recalcó que la moción solicitando el levantamiento de rebeldía estaba siendo presentada ciento veinticuatro (124) días, luego de emitida la Resolución en virtud de la cual fue anotada, lo que constituía la ley del caso, ya que había transcurrido el término para solicitar su reconsideración y el término para recurrir en revisión ante el Tribunal de Apelaciones. Adujo, además, que todavía no había recibido ningún mecanismo de descubrimiento de prueba de parte de PORTA, contrario a lo que había expuesto PORTA en su moción solicitando el levantamiento de la rebeldía, y que el periodo de descubrimiento de prueba

---

[26] *Id.*, Apéndice 16, pág. 51.
[27] *Id.*, Apéndice 5, págs. 23-25.
[28] *Id.*, Apéndice 2, págs. 3-18.

culminaba el día siguiente, 30 de mayo de 2024, según lo acordado en la Conferencia Inicial celebrada el 23 de agosto de 2023.

El 10 de junio de 2024, el TPI emitió *Resolución*[29] donde declaró "Ha Lugar" la moción presentada por PORTA y levantó la rebeldía anotada en su contra.

En desacuerdo, la peticionaria acude ante nos mediante el recurso de epígrafe y señala que el TPI cometió los siguientes errores:

**A. ERRÓ EL HON. HAMED SANTAELLA CARLO AL DEJAR SIN EFECTO LA RESOLUCIÓN DE 26 DE DICIEMBRE DE 2023, LA CUAL ELIMINÓ LAS ALEGACIONES Y DESESTIMÓ LA RECONVENCIÓN AL DEMANDADO-RECURRIDO, A PESAR DE QUE DICHO DICTAMEN ADVINO FINAL Y LA LEY DEL CASO, POR LO QUE CARECÍA DE DISCRECIÓN PARA ELLO.**

**B. EN LA ALTERNATIVA, ABUSÓ DE SU DISCRECIÓN EL HON. HAMED SANTAELLA CARLO AL DEJAR SIN EFECTO LA RESOLUCIÓN DE 26 DE DICIEMBRE DE 2023, SIN QUE EL DEMANDADO-RECURRIDO DEMOSTRARA LA EXISTENCIA DE CAUSA JUSTIFICADA PARA SU REITERADO INCUMPLIMIENTO CON EL DESCUBRIMIENTO DE PRUEBA Y SU CONTUMACIA CON LAS ÓRDENES DEL TRIBUNAL EN TORNO AL DESCUBRIMIENTO DE PRUEBA.**

Se le otorgó término a la parte recurrida para expresarse. Compareció ante nos el 22 de agosto de 2024. Luego de la comparecencia de ambas partes, estamos en posición de resolver.

**-II-**

**A.**

El *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía.[30] Al respecto, el expedir o no el auto de *certiorari* descansa en la sana discreción del foro apelativo.[31] Se ha definido discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera."[32] Es importante destacar que

---

[29] *Id.*, Apéndice 1, pág. 2.
[30] *Caribbean Orthopedics v. Medshape et al.,* 207 PDR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[31] *García v. Padró*, 165 DPR 324, 334 (2005).
[32] Id.; *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990); *Pueblo v. Sánchez González,* 90 DPR 197, 200 (1964).

dicha discreción no es absoluta y no significa que en el ejercicio de discreción se pueda hacer abstracción del resto del derecho. Esto anterior constituiría un abuso de discreción.[33]

La Regla 52.1 de Procedimiento Civil[34] delimita las instancias en las cuales el Tribunal de Apelaciones ha de intervenir con las determinaciones del TPI. En lo pertinente dispone que:

> [...]

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Una vez establecida la facultad para revisar la determinación del foro primario, la Regla 40 del Reglamento del Tribunal de Apelaciones[35] establece los siguientes criterios a considerar al momento de hacer la determinación de expedir o no un auto de *certiorari*:

> (a)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (b)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (c)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (d)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (e)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

---

[33] *García v. Padró, supra,* pág. 335; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).
[34] Regla 52.1 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V)
[35] Regla 40 del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

(f)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(g)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[36]

No obstante, esto no constituye una lista exhaustiva y ninguno de los criterios es determinante por sí solo.[37] Como norma general, el tribunal apelativo solo intervendrá con las determinaciones interlocutorias discrecionales procesales del TPI cuando este haya incurrido en arbitrariedad o en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley.[38] Otros factores a considerar son la corrección de la decisión recurrida y la etapa del procedimiento en que es presentada, con el fin de cerciorarse de que no se ocasione "un fraccionamiento indebido o una dilación injustificada del litigio."[39]

**B.**

Particularmente, la anotación de rebeldía como sanción por incumplimiento de una orden del tribunal, "siempre se debe de dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción."[40] Así las cosas, es norma firmemente establecida que el mecanismo de la rebeldía tiene como propósito desalentar el uso de la dilación como estrategia de litigación.[41] La anotación de rebeldía se rige por lo dispuesto en la Regla 45.1 de Procedimiento Civil[42]. Dicha Regla establece lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El Tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

---

[36] *Id.*

[37] *García v. Padró, supra,* pág. 336. (Citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560).

[38] *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

[39] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[40] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).

[41] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 587.

[42] Regla 45.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Según surge de lo expuesto anteriormente, una parte puede ser declarada en rebeldía bajo cuatro fundamentos: (1) por no comparecer al proceso después de haber sido debidamente emplazada, (2) por no contestar o alegar en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja intención clara de defenderse, (3) cuando la parte se niega a descubrir prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba y (4) cuando una parte ha incumplido alguna orden del tribunal.[43]

Nótese que el objetivo de la anotación en rebeldía no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que persigue estimular una tramitación ágil y efectiva de los pleitos.[44] Así la cosas, esta Regla debe de interpretarse de forma liberal. Entiéndase, el tribunal debe resolver cualquier duda a favor de la parte que se opone a la anotación. Esto anterior, en atención a la política judicial de que los casos se vean en sus méritos.[45] Sin embargo, **"[c]uando la anotación de rebeldía es producto de dejadez, temeridad o de un plan consciente para menoscabar la eficiente administración de la justicia, la norma de liberalidad, por imperativo, tiene que ceder."**[46]

Así las cosas, según lo dispuesto en la Regla 45.3 de Procedimiento Civil, el tribunal tiene la facultad de dejar sin efecto una anotación en rebeldía cuando medie causa justificada.[47] El TSPR ha reconocido que la parte que alega causa justificada puede: **(1) presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o (2) probar que tiene una buena defensa en sus méritos y que el grado de**

---

[43] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589.
[44] *JRT v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971).
[45] *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 293 (1988).
[46] J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* Segunda Edición, Tomo II, pág. 1351.
[47] Regla 45.3 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).

**perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo.**[48]

En caso de que la anotación en rebeldía vaya a tener el efecto de eliminar las alegaciones de la parte, la Regla 39.2(a) de Procedimiento Civil[49] establece tres pasos anteriores que debe de seguir el tribunal antes de hacer dicha determinación. Sobre este particular, dispone lo siguiente:

> (a) Si el demandante deja de cumplir con estas reglas o cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar [...] la eliminación de las alegaciones [...].
>
> (b) Cuando se trate de un primer incumplimiento, la severa sanción de [...] la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad de responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar [...] la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

### C.

"En nuestra jurisdicción, los derechos y las obligaciones adjudicados mediante un dictamen judicial, que adviene final y firme, constituyen la ley del caso."[50] Dichos derechos y obligaciones gozan de finalidad y firmeza para que las partes puedan proceder sobre directrices confiables y certeras.[51] La doctrina de la ley del caso "tiene el propósito de que los tribunales nos resistamos a rexaminar asuntos ya considerados dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho."[52] En atención a lo anterior y de ordinario,

---

[48] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 591.
[49] Regla 39.2(a) de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[50] *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 9 (2016); *Félix v. Las Haciendas,* 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs. Corp. v. ELA,* 152 DPR 599, 606 (2000).
[51] *Cacho Pérez v. Hatton Gotay, supra,* pág. 9; *Id,* pág. 606.
[52] *Berkan v. Mead Johnson Nutrition,* 204 DPR 183, 200-201 (2020).

el foro primario ni el tribunal apelativo pueden reexaminar controversias ya adjudicadas.[53]

La doctrina solo puede invocarse cuando exista una decisión final sobre la controversia.[54] Así las cosas, la doctrina de la ley del caso "es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben de tener fin."[55] Sin embargo, el TSPR ha reconocido que los tribunales podrán descartar la aplicabilidad de la doctrina cuando se encuentren ante un atentado contra los principios básicos de la justicia.[56] Ha expresado el TSPR que "[s]e trata de una doctrina al servicio de la justicia, no la injusticia; no es férrea ni de aplicación absoluta. Por el contrario, es descartable si conduce a resultados 'manifiestamente injustos'."[57]

**-III-**

Atenderemos ambos señalamientos de error de manera conjunta por estar íntimamente relacionados.

La peticionaria sostiene que erró el TPI al levantar la anotación de rebeldía impuesta y dejar sin efecto el dictamen que eliminó las alegaciones y desestimó la reconvención, ya que constituía la ley del caso, puesto que habían transcurrido los términos para la reconsideración y para la revisión ante este tribunal. Además, entiende que las causas presentadas por PORTA no constituyen causa justificada para el levantamiento de la anotación de rebeldía, debido a que sus actuaciones han dilatado innecesariamente el pleito y han menoscabado el derecho de RBH de tener la evidencia necesaria para preparar su estrategia legal. Tiene razón. Veamos.

En la moción presentada por PORTA solicitando el levantamiento de la anotación de rebeldía, esta se limitó a exponer como causa para su incumplimiento reiterado: que el oficial de la corporación es marino mercante y se encontraba en aguas internacionales fuera de Puerto Rico, por lo que

---

[53] *Id,* pág. 201.
[54] *Félix v. Las Haciendas, supra,* pág. 843.; *Cacho Pérez v. Hatton Gotay, supra,* pág. 9.
[55] *Srio. Del Trabajo v. Tribunal Superior,* 95 DPR 136, 141 (1967).
[56] *Noriega v. Gobernador,* 130 DPR 919, 931 (1992), *Cacho Pérez v. Hatton Gotay, supra,* pág. 10.
[57] *Berkan v. Mead Johnson Nutrition,* supra, pág. 202.; *Id,* pág. 9.

esto no le permitió contestar y cumplir con lo ordenado por el tribunal. Dicha causa no cumple con el estándar de causa justificada para levantar una anotación de rebeldía. Entiéndase, PORTA no presentó evidencia de las circunstancias que expuso como justa causa para la dilación o incumplimiento, ni probó tener una buena defensa en sus méritos. Tampoco demostró que el grado de perjuicio a RBH era razonablemente mínimo. Al contrario, al tomar en justa consideración los siguientes factores, queda demostrado que se le ha ocasionado un perjuicio indebido a RBH: (1) la conducta dilatoria reiterada y de mala fe por parte de PORTA y su representación legal, (2) la etapa avanzada en que se encuentra el pleito, (3) la poca cooperación que han demostrado en producir la evidencia solicitada (4) el incumplimiento reiterado con los términos ordenados y prórrogas concedidas por el TPI y, no puede faltar, (5) la conducta obstinante, contumaz e impertinente que ha obligado a RBH a asumir gastos innecesarios para hacer valer sus derechos.

Como si fuera poco, PORTA y su representación legal recibieron varios apercibimientos sobre las consecuencias de sus acciones conforme a la Regla 39.2 de Procedimiento Civil, *supra*, y no fue hasta *4 meses luego* que se emitiera la resolución, imponiendo la anotación de rebeldía, que esta solicitó su levantamiento. Conducta concurrente a la mantenida durante todo el trayecto del pleito.

Entendemos que el dictamen del TPI anotando la rebeldía constituía la ley del caso por haber advenido final y firme. No obra en el expediente que PORTA haya presentado oposición o reconsideración oportuna a dicha determinación. Tampoco acudió en revisión ante este tribunal. Así las cosas, concluimos que, bajo las circunstancias del caso de marras, mantener la anotación de rebeldía *no* atenta contra los principios de justicia que consagran nuestro ordenamiento. El levantar dicha anotación, *sí* lo hace.

El expediente judicial del caso demuestra, de manera rotunda, que el reiterado incumplimiento de las órdenes del tribunal, sin causa justificada, de parte de PORTA, refleja una conducta obstinante, contumaz e impertinente

que ha menoscabado los derechos de RBH. Por todo lo cual, y a la luz de los principios esbozados, entendemos que el TPI no ejerció adecuadamente su discreción al levantar la rebeldía anotada en contra de PORTA.

**-IV-**

Por lo antes expuesto, se expide el auto de *certiorari* y se revoca la Resolución recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones