EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ramón A. Cacho Pérez<br>Recurrido<br><br>v.<br><br>Robert Hatton Gotay y otros<br>Peticionario | Certiorari<br><br>2016 TSPR 51<br><br>195 DPR ____ |

Número del Caso: CC-2014-597

Fecha: 18 de marzo de 2016

Tribunal de Apelaciones:

      Región Judicial de Ponce, Panel VII

Abogados de la parte Peticionaria:

      Lcdo. Eliezer Aldarondo Ortiz
      Lcda. Rosa Campos Silva
      Lcdo. Simone Cataldi Malpica
      Lcdo. Eliezer Aldarondo López

Abogados de la parte Recurrida:

      Lcdo. Rafael Hernández Colón
      Lcdo. Eric M. Quetglas Jordan

Materia: Procedimiento Civil. Aplicación de la doctrina de la ley del caso en lo que respecta a la resolución de asuntos interlocutorios. Validez de embargo emitido por el Tribunal de Primera Instancia sin requerir la prestación de fianza luego de que el Tribunal de Apelaciones revocara la cuantía de daños otorgados y ordenara la celebración de una nueva vista evidenciaria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón A. Cacho Pérez
      Recurrido

                                              *Certiorari*

            v.

Robert Hatton Gotay y otros              CC-2014-0597
            Peticionario


Opinión del Tribunal emitida por el Juez Asociado Señor Rivera García


En San Juan, Puerto Rico, a 16 de marzo de 2016.

La presente controversia nos permite aclarar el alcance de la aplicación de la doctrina de la ley del caso en lo que respecta a la resolución de asuntos interlocutorios. En particular, nos corresponde dirimir si unas Resoluciones emitidas por el Tribunal de Apelaciones y por este Foro en las que se declararon sin lugar ciertos planteamientos interlocutorios relacionados con la validez de un embargo constituyen la ley del caso y, por ende, nos impide entrar a auscultarlos nuevamente. Sujeto a lo anterior, debemos analizar si debe sostenerse la validez de un embargo emitido por el Tribunal de Primera Instancia sin

requerir la prestación de fianza a pesar de que posteriormente el Tribunal de Apelaciones revocó la cuantía de daños otorgados y ordenó la celebración de una vista evidenciaria para desfilar prueba adecuada sobre los daños ocasionados.

Por los fundamentos que elaboramos a continuación, revocamos la determinación del Tribunal de Apelaciones ya que es inaplicable la doctrina de la ley del caso y, como cuestión de derecho, procede dejar sin efecto el embargo emitido contra la parte peticionaria. A continuación incluimos un resumen breve de los hechos pertinentes a la controversia que nos ocupa.

I

El 8 de enero de 2010, el foro primario notificó una Sentencia en la que declaró con lugar la demanda sobre incumplimiento contractual y daños y perjuicios presentada por la parte recurrida, Sr. Ramón A. Cacho Pérez (señor Cacho Pérez) en contra de la parte peticionaria, Sr. Robert Hatton Gotay (señor Hatton Gotay). En la Sentencia aludida, el Tribunal de Primera Instancia concedió al señor Cacho Pérez los remedios que solicitó y además una compensación en daños en exceso de doce millones de dólares ($12,000,000.00).

El mismo 8 de enero de 2010, el señor Cacho Pérez presentó ante el Tribunal de Primera Instancia una moción de aseguramiento de sentencia y cuatro días más tarde el

foro primario la declaró con lugar. En dicha orden se dispuso, en lo pertinente, lo siguiente:

> A tenor con lo dispuesto en la Regla 56.1 de Procedimiento Civil el Demandante presentó una Moción de Aseguramiento de Sentencia dictada por este Tribunal el día 23 de diciembre de 2009 solicitando el embargo, el embargo de fondos en posesión de terceros, la prohibición de enajenar, y unas órdenes para obtener del Demandado determinada información con miras de asegurar la Sentencia.
>
> […]
>
> El aseguramiento de sentencia que se solicita en este caso puede concederse sin prestación de fianza conforme provee la Regla 56.3 por estarse gestionando después de la sentencia.
>
> Conforme provee la Regla 56.4 "si se hubiere cumplido con los requisitos de la Regla 56.3" que en este caso se cumplen, "el Tribunal deberá expedir a Moción de ex-parte de un reclamante, una orden de embargo o de prohibición de enajenar". Dicha orden de acuerdo con el caso de Rivera Rodríguez v. [Lee] Stowell, 133 DPR 881 (1993), puede dictarse sin vista en un caso como éste porque cae bajo una de las excepciones previstas en dicha opinión: la sentencia es prueba documental fehaciente y las cantidades adecuadas bajo la misma están vencidas y son líquidas y exigibles.
>
> En virtud de ello, el Tribunal ordena el embargo de bienes en posesión de terceros y/o la prohibición de enajenar de suficientes bienes muebles e inmuebles para satisfacer la totalidad de la sentencia, incluyendo los intereses a partir de la fecha de la demanda que monta a $12,815,024.36, más los intereses que se devenguen a partir de la fecha de la Sentencia, de los bienes pertenecientes al demandado Robert Hatton o la Sociedad de Gananciales que tiene constituida con su señora esposa.
>
> Apéndice, págs. 129-130.

El 2 de febrero de 2010, el señor Hatton Gotay solicitó mediante moción al foro primario que en sustitución de la referida orden dictada el 12 de enero de

2010, se emitiera una nueva orden limitada a dos cuentas que tenía en UBS Financial Corporation (UBS) hasta la cantidad de $12,815,024.36. El señor Cacho Pérez se opuso a esa moción. Sin embargo, antes de que el Tribunal de Primera Instancia resolviera ese asunto, el señor Hatton Gotay presentó ante el Tribunal de Apelaciones una petición de *certiorari* el 10 de febrero de 2010 (KLCE201000203). En dicho recurso cuestionó la legalidad y la constitucionalidad de la orden de embargo y planteó que se emitió la misma por una cantidad en exceso a la suma de daños otorgada al señor Cacho Pérez. Ese foro denegó el recurso por prematuro mediante Resolución dictada el 14 de mayo de 2010.

Inconforme, el señor Hatton Gotay acudió el 4 de octubre de 2010 ante esta Curia mediante una petición de *certiorari* en el caso CC-2010-863. El 11 de marzo de 2011 denegamos la expedición del auto. Sin embargo, en la Resolución denegando el auto expresamos lo siguiente:

> Ahora bien, este dictamen es sin perjuicio de que el Tribunal de Primera Instancia celebre una vista para atender y dilucidar la solicitud de limitación de embargo presentada por los peticionarios ante el foro de primera instancia. <u>Apéndice</u>, pág. 445.

En observancia con lo provisto el 11 de marzo de 2011 por este Tribunal, el 23 de mayo de 2011 el señor Cacho Pérez presentó *Moción Renovando Solicitud de Modificación de Orden de Embargo; y Solicitando Vista sobre Embargo y Remedios Provisionales en Aseguramiento de Sentencia*.

De otro lado, es preciso señalar que el 5 de marzo de 2010 el señor Hatton Gotay presentó ante el Foro Apelativo Intermedio el recurso de apelación KLAN-2010-0293 en el cual impugnó **en los méritos** la sentencia emitida por el Foro primario el 8 de enero de 2010. Luego de los trámites correspondientes, el 6 de junio de 2011, el Tribunal de Apelaciones confirmó la Sentencia del Tribunal de Primera Instancia excepto "la parte que condena al señor Hatton Gotay al pago de ciertas sumas a Utuado Management and Development Company, Inc. y al señor Cacho Pérez por concepto de daños y perjuicios". Apéndice, pág. 507. Además, se ordenó lo siguiente:

> [s]e devuelve al caso al foro primario al solo efecto de que se celebre una vista evidenciaria donde se desfile prueba adecuada sobre los daños ocasionados a Utuado Management y al señor Cacho; y a su vez, se le permita a la parte apelante presentar prueba pericial para rebatir dichos daños". Íd.

A la luz de esa decisión, el 16 de junio de 2011 el señor Hatton Gotay presentó una moción ante el Tribunal de Apelaciones en el mismo recurso de apelación KLAN-2010-0293, en la que solicitó que se dejara sin efecto el embargo por no existir una condena de daños que lo sostuviera. Ese foro declaró sin lugar dicha moción el 28 de junio de 2011. Inconforme, el señor Hatton Gotay acudió el 1 de agosto de 2011 ante este Tribunal con una petición de *certiorari* bajo el núm. CC-2011-0649. El auto se denegó mediante resolución del 11 de noviembre de 2011.

Posterior a la notificación de la Resolución de este foro, y luego de múltiples trámites procesales no pertinentes a la controversia que aquí nos ocupa, el 14 de mayo de 2012 el foro primario celebró una vista argumentativa para considerar varios asuntos que estaban pendientes de resolver, entre los que se encontraba, la modificación del embargo trabado. La representación legal del señor Hatton Gotay hizo constar que el planteamiento original de limitación de embargo se solicitó antes de que se notificara la Sentencia del Tribunal de Apelaciones que revocó la partida de daños concedida. A renglón seguido, señaló que las Reglas de Procedimiento Civil establecen que para dictar una orden de embargo debe presentarse una fianza, lo que no ocurrió en este caso, por lo que el embargo se podría convertir en uno ilegal y habría daños que compensar. Por su parte, la representación legal del señor Cacho Pérez adujo que el planteamiento de la fijación de fianza en cuanto al embargo se llevó hasta el Tribunal Supremo y fue declarado sin lugar. De esa forma, el demandante Cacho Pérez sostuvo que procedía mantener en vigor el embargo, ya que la responsabilidad de los daños estaba establecida.

En la vista antes aludida el foro primario ordenó a UBS Financial Services que abriera una nueva cuenta a nombre del señor Hatton Gotay y transfiriera a ella activos por la cantidad de doce millones de dólares. Estos

activos serían los únicos afectados por la orden de embargo y el señor Hatton Gotay podría retirar sus frutos.

El 30 de julio de 2012, el Tribunal de Primera Instancia notificó una resolución sobre los planteamientos realizados por el señor Hatton Gotay en cuanto a la procedencia del embargo. Concluyó que la sentencia original del Tribunal de Primera Instancia en este caso era final, ya que los foros apelativos confirmaron la determinación de que el señor Hatton Gotay había realizado actos dolosos. Al ser una sentencia final, no era necesaria la prestación de una fianza antes de ordenar el embargo. No obstante, ante la posibilidad de que los demandantes no lograran probar sus daños, redujo la cantidad embargada a **$2,500,000.00**.

Ambas partes solicitaron reconsideración de dicha resolución. Los demandantes peticionaron que se aumentara la cuantía del embargo mientras que el señor Hatton Gotay arguyó que el embargo era improcedente sin la fijación de una fianza. El 10 de septiembre de 2013, el Tribunal de Primera Instancia notificó una resolución en la cual nuevamente rechazó el argumento del señor Hatton Gotay en cuanto a la necesidad de prestar una fianza antes de ordenar el embargo. Fundamentó dicha decisión en que las resoluciones de los foros apelativos del 28 de junio de 2011 y 11 de noviembre de 2011 habían establecido como ley del caso que no era necesaria la fianza. Por otro lado, **dejó sin efecto** la reducción en el monto del embargo.

En desacuerdo con el foro primario, el 4 de octubre de 2013, el señor Hatton Gotay presentó una petición de *certiorari* ante el Tribunal de Apelaciones. El 27 de mayo de 2014, el Tribunal de Apelaciones notificó una resolución en la cual se denegó la expedición del auto de *certiorari*. En particular, determinó que la sentencia del Tribunal de Primera Instancia era final aunque se hubiera revocado la determinación de daños, por lo que no procedía imponer una fianza para el embargo trabado. El 26 de junio de 2014, el foro apelativo intermedio notificó una resolución en la que denegó una moción de reconsideración presentada por el señor Hatton Gotay.

El 23 de julio de 2014, el señor Hatton Gotay acudió ante este Tribunal mediante una petición de *certiorari* en la que adujo que el Tribunal de Apelaciones erró al mantener en vigor un embargo de doce millones que no se sostiene jurídicamente. Además, esgrime que la doctrina legal de la ley del caso no se aplicó correctamente en este caso. El 30 de enero de 2015, este Tribunal expidió el auto de *certiorari*.

Con el beneficio de la comparecencia de las partes, pasamos a discutir el derecho aplicable al asunto ante nuestra consideración.

II

A

En nuestra jurisdicción, los derechos y obligaciones adjudicados mediante un dictamen judicial que adviene

final y firme constituyen ley del caso. Félix v. Las Haciendas, 165 DPR 832, 843 (2005); Mgmt. Adm. Servs. Corp. v. ELA, 152 DPR 599, 606 (2000); Rodríguez v. López Jiménez, 118 DPR 701, 704 (1987). Esos derechos y obligaciones "gozan de finalidad y firmeza" para que las partes en un pleito puedan proceder "sobre unas directrices confiables y certeras". Mgmt. Adm. Servs. Corp. v. ELA, supra, págs. 607-608. Por tanto, de ordinario las controversias que han sido adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. Íd; 18 *Moore´s Federal Practice*, §134.20, págs. 134-152, Matthew Bender 3d Ed.

El Tribunal Supremo de Estados Unidos ha expresado que la doctrina de la ley del caso "dirige la discreción del tribunal, no limita su poder". Arizona v. California, 460 U.S. 605, 618 (1983). ("*This doctrine directs a court's discretion, it does not limit the tribunal's power.*")

En específico, las determinaciones judiciales que constituyen la ley del caso **incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal**. Félix v. Las Haciendas, supra, pág. 843. Dichas determinaciones, como regla general, obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración. Íd. Así, hemos expresado que dicha doctrina solo puede invocarse cuando exista una **decisión final** de la controversia en sus méritos. Íd.

Ahora bien, esta doctrina no es un mandato inflexible, sino que recoge la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. Mgmt. Adm. Servs. Corp. v. ELA, supra, pág. 607. En situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, dicho foro puede aplicar una norma de derecho distinta. Félix v. Las Haciendas, supra, pág. 844; Mgmt Adm. Servs. Corp. v. E.L.A., supra, pág. 608; In re: Tormos Blandino, 135 DPR 573, 578 (1994); U.S.I. Properties Inc. v. Registrador, 124 DPR 448 (1989). En Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755 (1992), este Tribunal sostuvo, haciendo referencia a lo resuelto en Torres Cruz v. Municipio de San Juan, 103 DPR 217, 222 (1975), que un segundo juez de un foro primario podía cambiar la determinación de un primer juez en el mismo caso si esta produce resultados claramente injustos.

Al fin y al cabo, la "doctrina de la 'ley del caso' es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin". Srio. del Trabajo v. Tribunal Superior, 95 DPR 136, 141 (1967). En vista de la anterior pauta jurídica, hemos colegido que sólo cuando se presenta un atentado contra los principios básicos de la justicia, es que los tribunales pueden descartar la aplicabilidad de la doctrina de la "ley del caso". Noriega Rodríguez v.

Hernández Colón, 130 DPR 919, 931 (1992). Véase, también, Don Quixote Hotel v. Tribunal Superior, 100 DPR 19, 30 (1971).

En el contexto de la adjudicación de peticiones de *certiorari* sobre asuntos interlocutorios, hemos resuelto que la denegatoria de un tribunal apelativo a expedir el auto no implica la ausencia de error en el dictamen cuya revisión se solicita, **ni constituye una adjudicación en los méritos**. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 DPR 651, 658 esc. 2 (1997). Por ende, en casos como ese no aplica la doctrina de la ley del caso.

B

En este caso el foro primario concluyó en la Resolución que notificó el 10 de septiembre de 2013 que no procedía que los demandantes prestaran fianza ya que ello constituía la ley del caso. Apéndice, pág. 1411. Para concluir de esa forma, pesó en el ánimo del Tribunal de Primera Instancia la resolución emitida por el Tribunal de Apelaciones el 28 de junio de 2011, en la que se declaró sin lugar la solicitud del señor Hatton Gotay para que se dejara sin efecto el embargo. Asimismo, el foro primario tomó en consideración la Resolución que emitió este Tribunal el 11 de noviembre de 2011, en la que denegamos, en el ejercicio de nuestra discreción, la expedición del auto de *certiorari* solicitado. No obstante, un análisis de

esas resoluciones revela que fue incorrecta la conclusión a la que arribó el foro primario.

La Resolución emitida por el Tribunal de Apelaciones el 28 de junio de 2011 se limitó a declarar sin lugar un asunto interlocutorio que se llevó ante su consideración y que no formó parte de la apelación original: la moción presentada por el peticionario para que se dejara sin efecto la orden de embargo. En esa Resolución **no se discutió en los méritos la controversia interlocutoria** que se llevó ante su consideración. Adviértase que esa moción interlocutoria se presentó luego de que se revocara en los méritos la Sentencia del Foro primario, **que fue el dictamen objeto de apelación.** Aunque no se desprende expresamente la razón del Foro Apelativo Intermedio para no atender el asunto interlocutorio planteado, notamos que la oposición de los recurridos se fundamentó principalmente en que era el Tribunal de Primera Instancia quien tenía la competencia para atenderlo. <u>Apéndice</u>, págs. 510-512. Nos parece que pesó en el ánimo del Tribunal de Apelaciones el fundamento utilizado por la parte recurrida.

De esa forma, es ineludible concluir que la Resolución del Tribunal de Apelaciones de 28 de junio de 2011 **no** constituye una decisión final del asunto de la validez del embargo, adjudicado en sus méritos. <u>Félix v. Las Haciendas</u>, <u>supra</u>, pág. 843. Por el contrario, entendemos que con su determinación, el foro apelativo

intermedio prefirió permitir que el asunto de la validez del embargo luego de que se revocaran las partidas de daños fuera adjudicado por el foro primario. Después de todo, el Tribunal de Primera Instancia posee amplia discreción para manejar los procedimientos ante sí. Mejías et al. v. Carrasquillo et al., 185 DPR 288, 306-307 (2012); García v. Asociación, 165 DPR 311, 321 (2005), citando a Pueblo v. Ortega Santiago, 125 DPR 203, 216 (1990). En consecuencia, es incorrecto afirmar que en virtud de lo expresado en esa Resolución procede aplicar la doctrina de la ley del caso.

De igual manera, de la Resolución que emitió este Foro el 11 de noviembre de 2011 se deduce que declinamos entrar a discutir en los méritos la controversia planteada. En ese momento, emitimos discrecionalmente una Resolución en la que declaramos sin lugar la petición de *certiorari* en que se impugnó la decisión interlocutoria del Tribunal de Apelaciones de 28 de junio de 2011 que discutimos anteriormente.

Como hemos expresado, la denegatoria de un tribunal apelativo a expedir un recurso de *certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos. Torres Martínez v. Torres Ghigliotty, supra, pág. 98; Bco. Popular de P.R. v. Mun. de Aguadilla, supra, pág. 658. Por lo tanto, es obligado concluir que la Resolución que emitimos el 11 de noviembre de 2011 tampoco constituye la

ley del caso. Félix v. Las Haciendas, supra, pág. 844; Adm. Servs. Corp. v. E.L.A., supra, pág. 608; In re: Tormos Blandino, supra, pág. 578; Núñez Borges v. Pauneto Rivera, supra, pág. 755.

Luego de haber descartado la aplicación de la doctrina de la ley del caso, pasamos a resolver en los méritos la controversia traída a nuestra atención: ¿debe sostenerse el embargo que se dictó sin fianza a pesar de que no existe un dictamen judicial que contenga una cuantía específica de daños?

III

A

El aseguramiento de sentencia es una "medida tomada por el tribunal a solicitud de parte en un pleito pendiente con el propósito de que la sentencia pueda ejecutarse". R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2010, pág. 170, citando a León Jiménez v. Corte de Distrito de San Juan, 52 DPR 892 (1938).

Conforme con lo dispuesto en la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal de Primera Instancia puede dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. Entre las órdenes que puede dictar se encuentra el embargo de bienes que debe ser razonable y adecuado para garantizar la efectividad de la sentencia que en su día pueda caer. J. Cuevas Segarra, Tratado de Derecho Procesal

<u>Civil</u>, San Juan, Publicaciones JTS, 2011, Tomo V, pág. 1578. Desde hace décadas hemos dejado claro que la orden de embargo puede recaer sobre bienes que están en posesión de un tercero. <u>Prado v. Quiñones</u>, 78 DPR 313 (1955). Incluso, hemos pautado que procede el embargo de una cuenta bancaria conjunta cuyos titulares son el deudor y un tercero ajeno. <u>BBVA v. S.L.G. López Sasso</u>, 168 DPR 700 (2006).

Así pues, hemos resuelto que en el ejercicio de su discreción, al momento de conceder alguno de los remedios en aseguramiento de sentencia, el tribunal debe prestarle especial atención a que el remedio que se solicita sea provisional y que su propósito sea asegurar la efectividad de la sentencia; además de tomar en consideración los intereses de todas las partes, según lo requiera la justicia y las circunstancias del caso. <u>Nieves Díaz v. González Massas</u>, 178 DPR 820, 839 (2010).

Como norma general, antes de la concesión del remedio provisional, el foro primario debe ordenar la prestación de una fianza a la parte solicitante para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Regla 56.3 de Procedimiento Civil, 32 LPRA Ap. V. Ahora bien, no será necesaria la prestación de fianza cuando: (1) surja de documentos juramentados que la deuda es legalmente exigible; (2) el litigante sea indigente o; (3) **se gestiona después de la sentencia.** <u>Íd</u>. Véase, además, R.

Hernández Colón, op cit., pág. 171. Sin embargo, en M. Quilichini Sucrs., Inc. v. Villa Inv. Corp., 112 DPR 322, 326 (1982), fuimos enfáticos en establecer que aunque se permite obtener una orden de embargo sin fianza en casos en que existe una sentencia, ello no quiere decir que eventualmente no se tenga que responder por los daños que se causen si el embargo es ilegal.

Además del requisito de fianza, la Regla 56.2 de Procedimiento Civil, 32 LPRA Ap. V, establece que, de ordinario, el Tribunal no concederá, modificará ni anulará un remedio provisional sin antes notificar a la parte afectada y celebrar una vista. Véase, además, Hernández Colón, op. cit., pág. 171. Sin embargo, un tribunal podrá expedir, a petición de parte, una orden de embargo o de prohibición de enajenar sin previa notificación y vista si "la parte reclamante demuestr[a] tener un previo interés propietario sobre la cosa embargada, o la existencia de circunstancias extraordinarias o la probabilidad de prevalecer mediante prueba documental fehaciente que demuestre que la deuda es líquida, vencida y exigible". Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V.

De igual forma, en Vargas v. González, 149 DPR 859, 865 (1999), establecimos que "[t]anto nuestra jurisprudencia como la doctrina reconocen que se puede solicitar el aseguramiento de una sentencia aunque el dictamen que se pretende asegurar haya sido apelado o se haya presentado un recurso de certiorari". Véase, además,

Buxo Jr. v. Corte, 51 DPR 322, 327 (1937). El tratadista Cuevas Segarra expresa que la razón para ello es evidente: se busca preservar el estatus quo que existía antes de que la sentencia fuera dictada. J. Cuevas Segarra, op cit., pág. 1595. Si un acreedor no tuviese disponible ese mecanismo durante el tiempo en que la sentencia es revisada, o está sujeta a serlo, correría el riesgo de no poder ejecutarla una vez advenga final y firme, de ser ese el caso. Íd.

En fin, nuestra jurisprudencia ha dejado muy claro que el embargo de bienes muebles es una medida realista y muy necesaria dirigida a preservar la capacidad económica del deudor, permitiendo que el acreedor vindique su derecho. Fresh-O-Baking Co. v. Molinos de Puerto Rico, 103 DPR 509, 519 (1975).

B

Sostiene la parte peticionaria señor Hatton Gotay que los tribunales recurridos erraron al resolver que procedía mantener en vigor el embargo trabado en su contra. Para sustentar su postura, el señor Hatton Gotay aduce que luego de que el Tribunal de Apelaciones revocó la determinación de daños, el embargo emitido sin la prestación de fianza no se podía sostener meramente porque se confirmó la determinación de responsabilidad de que este actuó dolosamente. Tiene razón el peticionario.

La sentencia originalmente emitida por el Tribunal de Primera Instancia en este caso concedió remedios de

anulación de ciertos actos del señor Hatton Gotay así como de compensación monetaria por los daños causados. En cuanto a la condena de daños, se ordenó al señor Hatton Gotay que pagara $8,675,021.00 a favor de Utuado Management; $1,500,000.00 a favor del señor Cacho Pérez, sujeto a ciertas deducciones y; $220,000.00 a favor del Estado Libre Asociado por tratarse de un préstamo usurario. La mayoría de esas partidas estaban sujetas al interés legal desde el 11 de agosto de 2005, día de presentación de la demanda. Como mencionamos anteriormente, el Foro Apelativo Intermedio **revocó todas las partidas de daños** y ordenó que se celebrara una vista evidenciaria para que se presente prueba adecuada de la cuantía de los daños. Debido a que el embargo está dirigido a asegurar los daños antes desglosados, nos concentraremos en los remedios de compensación monetaria.

En el caso de autos, una vez el Tribunal de Apelaciones revocó la determinación del monto de los daños antes aludidos, **la sentencia dejó de ser ejecutable en ese extremo** debido a que el remedio requería una determinación judicial posterior. Adviértase que una sentencia es final y definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, restando solamente la ejecución del dictamen judicial. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 155 (2011).

Ciertamente el foro primario tenía facultad el **12 de enero de 2010** para emitir la orden de embargo en

aseguramiento de sentencia sin requerir la prestación de fianza, ya que la Regla 56.3 de Procedimiento Civil, supra, lo permite en casos en que ya existe una sentencia. R. Hernández Colón, op cit., pág. 171. Como hemos explicado anteriormente, el Foro primario notificó su sentencia el **8 de enero de 2010**. Tampoco era necesaria la celebración de una vista previa ya que la Regla 56.4 de Procedimiento Civil, supra, permite que se expida una orden de embargo sin previa notificación y vista en casos en que se demuestre que la deuda es líquida y exigible. Al existir la sentencia de 8 de enero de 2010 condenando a sendas partidas de daños, se cumplía con los requisitos de liquidez y exigibilidad de la deuda. Íd.[1] Asimismo, es norma reiterada que el embargo en aseguramiento de sentencia procede aunque el dictamen que se pretende asegurar haya sido recurrido, como ocurrió en este caso. Vargas v. González, supra, pág. 865; Buxo Jr. v. Corte, supra, pág. 327.

No obstante, al Tribunal de Apelaciones revocar en su totalidad las partidas de daños impuestas contra el Sr. Hatton Gotay, **la sentencia del foro primario dejó de ser ejecutable en ese extremo** y, por virtud de las Reglas 56.3 y 56.4 de Procedimiento Civil, supra, era necesario prestar fianza y celebrar una vista para dilucidar la procedencia del embargo. En cuanto a la celebración de la vista, nos parece que la vista celebrada ante el foro

---

[1] Sobre los requisitos de liquidez y exigibilidad de una deuda, véase, Ramos y otros v. Colón y otros, 153 DPR 534, 546 (2001).

primario el 14 de mayo de 2012 cumplió sustancialmente con el texto de la Regla 56.4 de Procedimiento Civil, supra. En dicha vista las partes tuvieron la oportunidad de discutir ampliamente la procedencia de la orden de embargo en controversia.

Sin embargo, es un hecho indubitado que al día de hoy no se ha prestado fianza para garantizar el embargo trabado. Ello es contrario a la Regla 56.3 de Procedimiento Civil, supra, ya que en este caso no existe **una sentencia ejecutable en ese extremo** a raíz de la determinación del Tribunal de Apelaciones que revocó las partidas de daños. S.L.G. Szendrey-Ramos v. Consejo Titulares, supra, pág. 155.

En consecuencia, concluimos que procede dejar sin efecto el embargo trabado contra el señor Hatton Gotay. Además, ordenamos al Tribunal de Primera Instancia que en un término perentorio celebre una vista para dilucidar la procedencia de una nueva orden de embargo que cumpla cabalmente con los requisitos establecidos en las Reglas de Procedimiento Civil, 32 LPRA Ap. V.[2]

IV

Por los fundamentos antes expuestos, se revoca la Resolución emitida por el Tribunal de Apelaciones y se deja sin efecto el embargo trabado contra el Sr. Robert

---

[2] Al momento de dilucidar la cuantía del embargo, el foro primario deberá tener en cuenta que, al no existir una partida de daños probada, el monto de la fianza debe ajustarse a la cantidad que surja de las alegaciones de la parte demandante-recurrida. Véanse, Librotex, Inc. v. A.A.A., 138 DPR 938, 955 (1995); Carlo v. Corte, 58 DPR 889, 894-895 (1941).

Hatton Gotay. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón A. Cacho Pérez,
    Recurrido

v.

Robert Hatton Gotay y
    otros

    Peticionarios

Certiorari

CC-2014-0597

SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2016.

    Por los fundamentos antes expuestos, se revoca la resolución del Tribunal de Apelaciones y se deja sin efecto el embargo trabado contra el Sr. Robert Hatton Gotay. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

    Así lo pronunció y manda el Tribunal y certifica la Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez concurren sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo