Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MIGDALIA LÓPEZ GÓMEZ | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de San Juan |
|---|---|---|
| Recurrida | TA2025CE00082 | Caso número: KPE2013-3300 |
| v. | | Sobre: Interdicto Preliminar y Permanente, Violación al Debido Proceso de Ley Contractual, Represalias (Ley Núm. 115 de 20 de diciembre de 1991), Discrimen (Ley 100 de 30 de junio de 1959), Despido Nulo e Injustificado (Ley Núm. 80 de 30 de mayo de 1976) |
| JOSÉ A. GONZÁLEZ HERNÁNDEZ Y OTROS | | |
| Peticionaria | | |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Álvarez Esnard y la jueza Díaz Rivera

Brignoni Mártir, Juez Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece ante nos, por derecho propio, la licenciada Migdalia López Gómez, (en adelante, "la peticionaria"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución y Orden,"* emitida el 29 de mayo de 2025 y notificada el 30 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida determinación, el foro primario ordenó el inicio de los trámites de ejecución de la *"Sentencia"* dictaminada el 9 de junio de 2020. Cónsono con lo anterior, concedió a la Asociación de Empleados del Estado Libre Asociado (en lo sucesivo, por sus siglas, "AEELA") un término de diez (10) días para que presentara un proyecto de *"Orden,"* a los fines de citar a la peticionaria a una deposición de conformidad con la Regla 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.4.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado y con ello *confirmamos* el dictamen recurrido.

**I.**

El caso ante nuestra consideración se encuentra en una etapa postsentencia. Ante ello, a continuación, hacemos una síntesis del relato procesal más relevante al asunto que hoy se disputa.

Originalmente, el 5 de junio de 2013, la peticionaria presentó reclamación contra AEELA, miembros de su Asamblea de Delegados, Comité Ejecutivo y otros funcionarios, a tenor de la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 et seq. Posteriormente, la peticionaria enmendó su demanda en tres (3) ocasiones: 18 de julio de 2013, 14 de enero de 2014, y 2 diciembre de 2016. Mediante dichas enmiendas, la peticionaria desistió de continuar sus reclamos a través del procedimiento sumario. Así pues, incoó las reclamaciones por la vía ordinaria. En esencia, la referida parte entabló una serie de causas de acción por incumplimiento contractual; discrimen político; difamación; interdicto preliminar y permanente; represalias; despido injustificado; y violación al debido proceso de ley contractual, al amparo de la Ley de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico de 2013, Ley Núm. 9-2013, según enmendada, 3 LPRA 9001 et seq.

Tras AEELA presentar sus respectivas alegaciones responsivas y celebrada la "vista evidenciaria del interdicto preliminar," el 27 de marzo de 2014, el foro recurrido emitió *"Sentencia Parcial."*[1] A expresiones del tribunal de instancia la referida determinación se limitó a resolver la siguiente controversia:

---

[1] AEELA apeló la referida *"Sentencia Parcial."* Un panel hermano dispuso de la controversia y modificó la determinación recurrida mediante el caso de designación alfanumérica KLAN201400569. Al exponer su razonamiento, este Foro Intermedio, afirmó la corrección de la expedición del interdicto preliminar **mientras se dilucidaba el caso en sus méritos**. Consecuentemente, confirmó la reinstalación de empleo de la peticionaria con todos los derechos y beneficios aplicables. Por otro lado, este Tribunal revocó las determinaciones de hecho y conclusiones de derecho, realizadas por el tribunal de instancia, con relación a la ilegalidad del nombramiento del Director Ejecutivo y de los miembros del Comité Ejecutivo de AEELA, por exceder los limites doctrinales de la concesión de un interdicto preliminar.

Es preciso señalar, que el 28 de diciembre de 2025, el tribunal de instancia notificó *"Resolución y Orden."* Mediante esta, ordenó que le fueran pagadas a la peticionaria sus vacaciones. Este Foro Intermedio **expidió y modificó** dicha determinación interlocutoria a través del recurso KLCE201600098. En dicho recurso se concluyó, que el pago de las vaciones a la peticionaria no era el único remedio disponible. Se indicó que la *"Sentencia Parcial"* permitía el remedio alternativo de la restitución de la licencia de vacaciones. En consecuencia, se **denegó el reembolso dinerario de vaciones a favor de la peticionaria, dado a la "etapa interdictal" en la que se encontraba el caso**.

En esta etapa de los procedimientos, a decir, la etapa de la causa de acción interdictal, la controversia planteada es si la demandante tiene derecho a una orden de *injunction* preliminar, que disponga para su reinstalación al puesto que ocupaba al momento de su despido.

El tribunal de instancia concluyó, que AEELA privó a la peticionaria de su puesto de Directora Ejecutiva Auxiliar en violación a las disposiciones reglamentarias aplicables. Ante ello, determinó la procedencia de un remedio interdictal, el cual propició una reparación para la peticionaria en esa etapa de los procedimientos en función de los hechos probados hasta el momento. En otras palabras, a expresiones del foro primario, se protegió a la peticionaria de nuevas violaciones al ésta ser reinstalada a su puesto laboral. Como parte de los remedios extraordinarios, el foro recurrido ordenó que las vacaciones de la peticionaria fueran reembolsadas o que se le repusiese dicha licencia. Además, autorizó la concesión de los beneficios a los que la peticionaria tenía derecho en calidad de empleada. El foro primario, puntualizó que restaba por dilucidarse durante el proceso ordinario si el despido fue o no discriminatorio o en represalias.

Tras numerosas incidencias procesales innecesarias de pormenorizar, el 9 de junio de 2020, el tribunal de instancia emitió una *"Sentencia."* Mediante esta, dispuso del caso sumariamente. De entrada, el foro primario reafirmó que su previa *"Sentencia Parcial"* se limitó a dilucidar "si el despido de la Demandante [la peticionaria] fue contrario a la Ley 9-2013 y si el mismo violó el debido proceso contractual contenido en la reglamentación de persona de la Asociación." Por consiguiente, concluyó que "la orden de interdicto preliminar contenida en la referida Sentencia Parcial no prejuzga los méritos del caso de autos, sino que únicamente se limitó a mantener el *status quo* en aquel momento histórico, y ahora en nada incide sobre el trámite final del presente caso." En virtud de lo expuesto, dejó sin efecto la *"Sentencia Parcial"* previamente emitida. Aclarada la cuestión del remedio provisional concedido, el tribunal de instancia resolvió los méritos de las reclamaciones presentadas por la peticionaria. Declaró *Ha Lugar* la acción de despido injustificado y desestimó con perjuicio el resto de las reclamaciones incoadas.

Inconforme con la adjudicación de la *"Sentencia,"* la peticionaria apeló el caso ante esta Curia. En atención del recurso presentado, el 28 de septiembre de 2022, este Tribunal Intermedio, dispuso de dicha controversia a través del caso KLAN202000937 consolidado con el caso KLAN202000938.[2] En lo pertinente, este Foro, concluyó que el tribunal de instancia tenía plena facultad para dejar sin efecto la *"Sentencia Parcial."* Razonó, que la referida determinación meramente concedió un remedio que creó un estado provisional de derechos hasta que se fijara su permanencia o en su defecto fuera revocado, tal como sucedió en el presenta caso.

Luego de varias contiendas atinentes a la ejecución de la *"Sentencia"* del 9 de junio de 2020, el 17 de enero de 2025, la peticionaria presentó "*Moción Informativa y en Solicitud de Cumplimiento Específico y Ejecución de Sentencias a favor de la Demandante conforme a la Ley del Caso (Actualización a diciembre de 2024)."* En síntesis, solicitó la ejecución de la *"Sentencia Parcial"* dictaminada el 27 de marzo de 2014. Bajo su entendimiento, la referida determinación obliga a las partes por contener asuntos de naturaleza ordinaria ajenos al recurso extraordinario del interdicto preliminar. Según sus alegaciones, la *"Sentencia Parcial"* es final y firme y el caso KLAN201400569 confirmó sus méritos. Por consiguiente, sostuvo que lo allí resuelto es la ley del caso.

Tras examinar el escrito de la peticionaria, el 24 de enero de 2025, el foro recurrido emitió *"Orden de Ejecución."* Mediante esta, declaró *Ha Lugar* la ejecución peticionada.

En reconsideración, el 30 de enero de 2025, AEELA presentó *"Urgente Solicitud para que se deje sin efecto Orden de Ejecución."* En esencia, aseveró que la solicitud de la peticionaria es una a destiempo y

---

[2] Posteriormente, el 23 de enero de 2024, el foro primario emitió *"Resolución y Orden."* Mediante esta, **autorizó la ejecución de la *"Sentencia***" **dictaminada el 9 de junio de 2020 y declaró *No Ha Lugar* la solicitud de relevo de sentencia, presentada por la peticionaria.** Así las cosas, la peticionaria recurrió ante este Foro Intermedio y argumentó que procedía el relevo de la aludida *"Sentencia,"* toda vez que el tribunal de instancia incidió al dejar sin efecto la *"Sentencia Parcial"* del 27 de marzo de 2014. El Tribunal de Apelaciones revisó el recurso discrecional, presentado por la peticionaria, y determinó que no concurrían los requisitos necesarios para inclinar la discreción judicial a la expedición del referido recurso. Por tanto, **la expedición del recurso fue denegada**.

contraviene determinaciones previas ya resueltas por el foro judicial. A tenor de lo anterior, esgrimió que el tribunal ha sido consistente en otorgarle a AEELA el derecho de ejecución y no a la peticionaria. Sostuvo que la *"Sentencia Parcial"* no resolvió los méritos de la controversia existente entre las partes y que dicho dictamen fue dejado sin efecto por la *"Sentencia"* del 9 de junio de 2020. Ante tales alegaciones, solicitó que se dejara sin efecto la *"Orden de Ejecución"* por ser esta inconsistente con la ley del caso establecida en el recurso KLAN202000937 consolidado con el caso KLAN202000938.

En reacción, el 12 de febrero de 2025, la peticionaria presentó *"Moción Urgente en Oposición a la Urgente Solicitud para que se deje sin efecto Orden de Ejecución de la Demandada AEELA y Solicitud que se Continúe con el Trámite de Ejecución y Embargo contra la Demandada AEELA, a Favor de la Demandante."* Adujo, que la *"Sentencia"* del 9 de junio de 2020 no es la única determinación ejecutable y reafirmó sus previas expresiones sobre que lo resuelto en el recurso KLAN201400569 es la ley del caso. De igual modo, sostuvo que únicamente el tribunal dejó sin efecto el remedio de interdicto preliminar concedido en la *"Sentencia Parcial."* Por lo cual, según adujo, permanecieron inalterados los otros "asuntos ordinarios" resueltos a través de la referida sentencia. Así pues, solicitó que se declarara *No Ha Lugar* la "*Urgente Solicitud para que se deje sin efecto Orden de Ejecución."*

En atención de los escritos presentados, el 30 de mayo de 2025, el foro recurrido notificó la *"Resolución y Orden"* que hoy nos ocupa. El foro primario concluyó que no procede la ejecución de la "*Sentencia Parcial"* emitida el 27 de marzo de 2014. Así pues, ordenó el inicio de los trámites de ejecución de la *"Sentencia"* dictaminada el 9 de junio de 2020. Cónsono con lo anterior, concedió a AEELA un término de diez (10) días para que presentara proyecto de *"Orden,"* a los fines de citar a la peticionaria a una deposición de conformidad con la Regla 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.4.

En desacuerdo, el 3 de julio de 2025, la peticionaria presentó recurso de *certiorari* ante nuestra consideración. Mediante este, esbozó los siguientes señalamientos de error:

Erró el TPI al permitir que iniciara y continuara un supuesto procedimiento de ejecución "de sentencia" sin que la demandada contara a su favor con alguna sentencia válida a su favor que sostuviera sus reclamos, esto en violación a la regla 51 de las de procedimiento civil y al debido proceso de ley, provocando de esta manera un procedimiento nulo y sin eficacia legal contra la demandante, pues en el presente caso la mesada no es un remedio exclusivo, según las sentencias de este TA, quedando esto ratificado en la más reciente sentencia KLAN2020-937 a favor de la demandante.

Erró el TPI al no emitir nuevamente orden de ejecución a favor de la demandante pues su moción de ejecución bajo la regla 51 de las de procedimiento civil sí cuenta con las dos sentencias emitidas por el TA a favor de la demandante, y en la primera se confirmó la Sentencia Parcial de 2014 así como también los remedios ordinarios que claramente forman parte de la misma: la sentencia en el caso KLAN2014-569 (que expresamente confirma los remedios concedidos a la demandante de la Sentencia Parcial del 27 de marzo de 2014) y la Sentencia emitida en el caso KLCE2020-938 (donde se ratifican los remedios a favor de la demandante). Además, no está impedido de emitir la Orden de Ejecución de nuevo pues puede corregir las resoluciones interlocutorias emitidas por el Juez renunciante anterior, según la norma del tribunal supremo en Pérez Cacho v. Hatton, 2016 TSPR 51, donde se resuelve claramente que un segundo Juez puede corregir las resoluciones interlocutorias de un Juez anterior: no tiene impedimento legal para ratificar su Orden de Ejecución a favor de la demandante

Erró el TPI al no ratificar la Orden de Ejecución que había emitido a favor de la demandante en vista que la Sentencia KLAN2020-937, como la sentencia más reciente del TA, modificó la Sentencia del 9 de junio de 2020 ante la apelación que presentara la demandante y ratifica que la demandante tiene derecho a su mesada, así como también a los remedios adicionales a la mesada concedidos a su favor, al resolver que en la sentencia KLAN2014-569 había sido "enfática" con que continuarían los remedios concedidos a favor de la demandante y porque la demandada no se opuso a ninguna de las sumas ni conceptos reclamados por la demandante en su moción de ejecución bajo la regla 51, por lo que procede que se entienden aceptadas las mismas.

Erró el TPI al pretender considerar la Sentencia Parcial del 2014 como una mera "resolución interlocutoria provisional", cuando la misma claramente cumplió con todos los requisitos de la regla 42.3 de las de Procedimiento Civil como tal Sentencia Parcial, sino que así fue considerada por la propia demandada cuando presentó su apelación, y fue aceptada como tal por el TA cuando aceptó la apelación KLAN2014-569 de la demandada, entre otras varias razones. De todos modos, es claro que la demandante establece su reclamo de ejecución de sentencia en las emitidas por el TA KLAN2014-569 y KLAN2020-569. En la primera este tribunal de mayor jerarquía confirmó las determinaciones de naturaleza ordinaria sobre las cuales la demandada no apeló (ni recurrió) entre las cuales está que la mesada no iba a ser un remedio exclusivo y se resolvió también que el despido fue nulo. El término para actuar (apelar o recurrir)

venció en abril de 2014 para las acciones ordinarias. Lo que se podía dejar sin efecto era el "injunction" preliminar, pero se específicó de manera "enfática" en la sentencia KLAN2014-569 que la misma continuaría en vigor a favor de la demandante "mientras el caso se ventilara en sus méritos y para mantener el statu quo".

En la misma fecha, la peticionaria presentó *"Moción en Solicitud de Auxilio de Jurisdicción y Paralización conforme la Regla 79 del Reglamento del Tribunal de Apelaciones y proveyendo justa causa por término de estricto cumplimiento."* En lo atinente al Auxilio de Jurisdicción, solicitó que se paralizaran los procedimientos ante el foro primario dado que, según argumentó, la determinación recurrida contradice previos dictámenes y exime de sus obligaciones a AEELA.

En el mismo escrito, la peticionaria expuso las razones por las cuales presentó el recurso de *certiorari* pasado el término de estricto cumplimiento aplicable. Así pues, solicitó que se determinara que medio justa causa para presentar el auto de *certiorari* a destiempo. A su vez, fundamentó su petición mediante el escrito intitulado *"Moción Aclaratoria sobre Justa Causa sobre Término de Cumplimiento Estricto (Incluye Anejos) y sobre Planteamiento de Nulidad."*

El 7 de julio de 2025, a través de una *"Resolución,"* este Foro concedió a AEELA un término de cinco (5) días para presentar su posición con relación a la *"Moción en Solicitud de Auxilio de Jurisdicción y Paralización conforme la Regla 79 del Reglamento del Tribunal de Apelaciones y proveyendo justa causa por término de estricto cumplimiento"* y a la *"Moción Aclaratoria sobre Justa Causa sobre Término de Cumplimiento Estricto (Incluye Anejos) y sobre Planteamiento de Nulidad."* Asimismo, se le concedió a dicha parte un término de diez (10) días para presentar su oposición al recurso de *certiorari* de epígrafe.

Tras AEELA comparecer mediante *"Solicitud de Desestimación al Amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones",* el 15 de julio de 2025, este Tribunal adjudicó los asuntos atinentes al término de presentación del auto de *certiorari* y los méritos del Auxilio de Jurisdicción. Así pues, declaramos *No Ha Lugar* la *"Solicitud de Desestimación al*

*Amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones,"* presentada por AEELA. Asimismo, declaramos *No Ha Lugar* la *"Moción en Solicitud de Auxilio de Jurisdicción y Paralización conforme la Regla 79 del Reglamento del Tribunal de Apelaciones y proveyendo justa causa por término de estricto cumplimiento,"* presentada por la peticionaria.

En cumplimiento de la segunda concesión de término, el 17 de julio de 2025, AEELA presentó su *"Oposición a Expedición de Recurso de Certiorari."*

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el marco doctrinal aplicable a la cuestión ante nuestra consideración.

**II.**

**A.     Recurso de *Certiorari***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión postsentencia de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR \_\_\_\_ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al,* supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337

(2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

    **A.**    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    **B.**    Si la situación de hechos planteada es la más indicada para el análisis del problema.

    **C.**    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    **D.**    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    **E.**    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    **F.**    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    **G.**    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar

todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.     Interdicto Preliminar**

El *injunction* o interdicto es un recurso extraordinario altamente discrecional, cuyos contornos se delimitan en los Arts. 675-695 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA secs. 3421-3566 y por la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.1-57.7. Se define como un mandamiento judicial expedido por un tribunal, con el cual se requiere que una persona se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra. 32 LPRA sec. 3421; *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130.

En términos generales, el *injunction* busca prohibir u ordenar la ejecución de determinado acto, con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, en casos en los que no hay otro remedio adecuado en ley. *VDE Corporation v. F & R Contractors*, 180 DPR 21, 40 (2010). Para determinar si procede, es necesario examinar si la acción que se pretende evitar o provocar, connota o no un agravio de patente intensidad al derecho del individuo que reclama una reparación urgente. *Íd.* Es decir, la parte promovente deberá demostrar que de este no concederse, sufrirá un daño irreparable. *Íd.* Un daño irreparable es aquel que no puede ser satisfecho adecuadamente mediante la utilización de los remedios legales disponibles. *Íd*; véase, además, *Pérez Vda. Muñiz v Criado*, 151 DPR 355, 373 (2000). La Regla 57 de Procedimiento Civil, *supra,* reconocen tres modalidades de *injunction*: el entredicho provisional, el *injunction* preliminar, y el *injunction* permanente.

En lo aquí pertinente, el *injunction* preliminar pretende evitar daños adicionales mientras el tribunal evalúa un caso en los méritos. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 325 (2008) En particular, los criterios para determinar la concesión o negación de

un *injunction* preliminar son: (1) la naturaleza de los daños que puedan ocasionárseles a las partes de concederse o denegarlo; (2) la irreparabilidad o existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolver el litigio en su fondo; (4) la probabilidad de que la causa se torne académica de no concederlo, (5) el posible impacto sobre el interés público del remedio que se solicita, y (6) la diligencia y la buena fe con que ha obrado la parte peticionaria. *Senado de Puerto Rico v. Gobierno de Puerto Rico*, 203 DPR 62, 72 (2019); véase, además, 32 LPRA Ap. V, R. 57.3.

Es meritorio resaltar que, el criterio fundamental del interdicto preliminar consiste en mantener el *status quo* hasta que se celebre el juicio en sus méritos. *VDE Corporation v. F & R Contractors*, supra, pág.41. En otras palabras, el interdicto preliminar funge como ese remedio preventivo que evita la academicidad de una sentencia y la ocurrencia de mayores daños. *Id.* "Eventualmente, el derecho sustantivo de que se trate se ventilará en un juicio plenario, como en cualquier otro tipo de acción." *Next Step Medical v. Bromedicon et al.,* 190 DPR 474, 486 (2014).

## C.    Ley del Caso

En nuestro ordenamiento, los derechos y obligaciones adjudicadas mediante un dictamen judicial que adviene final y firme constituyen ley del caso. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, 204 DPR 183, 201 (2020); *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 8 (2016); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 606 (2000). Tales derechos y obligaciones gozan de finalidad y firmeza para que las partes en un pleito puedan proceder sobre directrices confiables y certeras. *Cacho Pérez v. Hatton Gotay*, supra; *Mgmt. Adm. Servs. Corp. v. ELA,* supra, págs. 607-608.

La doctrina de la ley del caso aplica a las controversias adjudicadas, ya sea por tribunales de instancia, como por tribunales apelativos. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.,* supra; *Cacho Pérez v. Hatton Gotay,* supra, pág. 9. El dictamen judicial que adquiere el carácter de ley del caso es aquel que constituye una decisión final en los méritos de la

cuestión considerada y decidida. *Íd.* Por consiguiente, como regla general, tales dictámenes obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración. *Cacho Pérez v. Hatton Gotay,* supra, pág. 9. Así, la doctrina solo puede invocarse cuando exista una decisión final de la controversia en los méritos. *Íd.* Únicamente en situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, el foro puede aplicar una norma distinta de derecho. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.,* supra; *Cacho Pérez v. Hatton Gotay*, supra, pág. 9; *Félix v. Las Haciendas*, 165 DPR 832, 844; *Mgmt Adm. Servs. Corp. v. E.L.A.*, supra, pág. 608.

**III.**

La peticionaria nos invita a revocar la *"Resolución y Orden"* notificada por el tribunal de instancia el 30 de mayo de 2025. Entiende la peticionaria, que la referida determinación contraviene decisiones previas emitidas por el foro judicial, dado que ordena la ejecución de una *"Sentencia"* sin que AEELA tenga un dictamen válido a su favor. Sostiene, que ella sí cuenta con determinaciones resueltas a su favor, como lo son la *"Sentencia Parcial"* y lo dispuesto por este Foro en los recursos KLAN201400569 y KLAN202000937 consolidado con el caso KLAN202000938. Particulariza, que la *"Sentencia Parcial"* no es una mera resolución interlocutoria provisional, puesto que en ésta se dilucidan remedios *"ordinarios"* más allá de la concesión de un interdicto preliminar.

Por su parte, AEELA aduce que la peticionaria pretende retomar el litigio de unas determinaciones finales y firmes que exclusivamente le concedieron unos remedios preliminares. Añade, que los referidos remedios fueron dejados sin efecto mediante la *"Sentencia"* del 9 de junio de 2020.

En ánimo de reiterar y enfatizar las determinaciones previas emitidas por el foro primario y este Tribunal, y con ello propiciar la conclusión de la cuestión litigiosa, determinamos *expedir* el recurso de

*certiorari* presentado. En consecuencia, *confirmamos* en todos sus extremos la *"Resolución y Orden"* que hoy nos ocupa.

La erróneamente intitulada *"Sentencia Parcial"* tuvo el efecto exclusivo de conceder a la peticionaria un remedio preliminar durante la pendencia del litigio. Las expresiones del tribunal de instancia en la propia *"Sentencia Parcial"* y los dichos de esta Curia en el recurso KLAN201400569, puntualizaron de manera inequívoca que aquella etapa de los procesos se limitó al examen de la concesión de un interdicto preliminar. Es por ello, que la *"Sentencia Parcial"* fue precedida por la celebración de una "vista evidenciaria del interdicto preliminar" en las fechas de 11 de marzo de 2014 y 18 de marzo de 2014. A su vez, por razones similares, el Panel Hermano que dispuso del caso KLAN201400569, revocó las determinaciones de hecho y conclusiones derecho-dirigidas a establecer la ilegalidad de ciertos nombramientos, por exceder éstas de los limites doctrinales de un interdicto preliminar.

En vista de ello, no nos persuaden los razonamientos de la peticionaria con relación a que la *"Sentencia Parcial"* resolvió a su vez "cuestiones ordinarias." La etapa procesal del caso no permitía una resolución sumaria y la naturaleza del interdicto preliminar no es compatible con dictámenes finales, por tratarse este de un remedio provisional que mantiene el *status quo* hasta que se evalúe el caso en sus méritos.

De otra parte, coincidimos con la peticionaria respecto al efecto vinculante para las partes de la *"Sentencia"* del recurso KLAN202000937 consolidado con el caso KLAN202000938. Sin embargo, discrepamos en la interpretación que la peticionaria pretende dar a sus efectos, dado que omite el hecho de la referida determinación resolvió que el foro primario tenía plena facultad para dejar sin efecto la *"Sentencia Parcial"* dictaminada. Reiteramos, que la razón de ello estriba en que dicha *"Sentencia Parcial"* se limitó a conceder un interdicto preliminar, cuya existencia permite la eventual concesión de un interdicto permanente o su

revocación. En este caso, el interdicto preliminar concedido fue revocado por la *"Sentencia"* final del 9 de junio de 2020.

La *"Sentencia"* emitida el 9 de junio de 2020, junto a las modificaciones de cuantías según dispuestas en la *"Sentencia"* del recurso KLAN202000937 consolidado con el caso KLAN202000938, representan la ley del caso. Lo allí resuelto es final y firme. Cónsono con ello, señalamos que la *"Resolución y Orden,"* emitida por el foro primario en fecha de 23 de enero de 2024, denegó la solicitud de relevo de sentencia, presentada por la peticionaria. Ante la existencia de tales determinaciones y el numeroso tracto procesal del caso, carece de mérito retomar el litigio de cuestiones ya resueltas. Máxime, en la etapa postsentencia en la que se encuentra el presente caso.

Ante las consideraciones antes expuestas, *expedimos* al amparo de la Regla 40, *supra* el presente auto de *certiorari.* Consecuentemente, *confirmamos* la *"Resolución y Orden"* recurrida, por gozar de plena validez la ejecución de la *"Sentencia"* dictaminada el 9 de junio de 2020, según modificada por el caso KLAN202000937 consolidado con el caso KLAN202000938. La aludida *"Sentencia"* representa la decisión final del caso en sus méritos y está revestida de finalidad y firmeza. Por consiguiente, es la ley del caso.

**IV.**

Por los fundamentos que anteceden, *expedimos* a tenor de la Regla 40, *supra* el recurso de *certiorari* de epígrafe, y con ello *confirmamos* la determinación recurrida.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones