Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| FRANCISCO VALDÉS PÉREZ  Peticionario  v.  PEDRO EDGARDO VALDÉS ORTIZ, YIDALÍS NERYS ARROYO  Recurridos | TA2026CE00459 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Caso Núm.: E CD2013-0756  Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece Francisco Valdés Pérez (en adelante, peticionario) mediante un recurso de *certiorari* para solicitarnos la revisión de una *Orden* emitida el 17 de marzo de 2026, y notificada el 30 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Caguas.[1] Mediante la *Orden* recurrida, el foro primario declaró *No Ha Lugar* una *Moción urgente* interpuesta por el peticionario, con la finalidad de que se enmendara una *Orden enmendada de ejecución de sentencia, embargo y venta en pública subasta de bienes*, emitida en la fecha del 30 de junio de 2020.

Conforme surge de las alegaciones del peticionario en su recurso, la orden en cuestión era una de dos (2) emitidas en la referida fecha. Particularmente, la orden que solicitó enmendar el peticionario, según fue transcrito por este en su *Moción urgente*, ordenaba, entre otras cosas, el

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 2.

"embargo y **venta en pública subasta de bienes muebles e inmuebles del demandado Pedro Edgardo Valdés Ortiz**".[2]

Según acotó en su pliego, la razón por la cual solicitó la enmienda fue porque un alguacil del Tribunal Superior de Caguas le indicó "**que la orden tenía que ser específica en que la venta en Pública Subasta era de los bienes muebles e inmuebles de Pedro Edgardo Valdés Ortiz**".[3]

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.[4] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Tras evaluar minuciosamente el recurso presentado por el peticionario, y luego de una revisión de la totalidad de los documentos presentados para nuestra consideración, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones.[5] Entendemos que el dictamen recurrido no es patentemente erróneo, y que encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Siendo así, no atisbamos razón para intervenir con la determinación recurrida.

Advertimos, lo aquí resuelto no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[6] Esto es así, ya que, como es sabido, una resolución de denegatoria de un

---

[2] SUMAC TA, a la Entrada Núm. 1, Apéndice 3, pág. 3. (Énfasis nuestro).
[3] *Íd.* (Énfasis en el original).
[4] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[5] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[6] Cacho Pérez v. Hatton Gotay, 195 DPR 1, 12 (2016).

auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[7]

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[7] SLG v. Pauneto Rivera, 130 DPR 749, 755 (1992).